954

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEFFREY BLAKE, Appellant.— The case having been remitted to this court by the Court of Appeals for a determination of the facts (32 N Y 2d 935), on remand the judgment of the Supreme Court, Bronx County, rendered April 10, 1970, is affirmed. Concur — Kupferman, Steuer and Tilzer, JJ.; Nunez, J. P., and ·Murphy, J., dissent in the following memorandum by Murphy, J.: We dissent, would reverse and grant a new trial and direct preliminarily a new hearing as to the in-court identification. About two weeks after the crime the defendant was arrested and taken to the Bronx Criminal Court detention cell. The patrolmen were notified and went to the detention cell "to see if an identification could be made". The defendant was "pointed out" from other prisoners in the cell. However, no defense attorney was present nor was the defendant advised that he could have counsel present nor is there any claim of waiver. After a hearing in which the court overruled the defendant's objection, the two patrolmen who identified the defendant as an occupant of the stolen car were permitted to testify at the trial of their "lineup identification" of the defendant. This was error and a violation of the defendant's Sixth Amendment rights entitling him to counsel at the lineup identification (*United States* v. *Wade*, 388 U. S. 218; *Gilbert* v. *California*, 388 U. S. 263). Accordingly, all ·lineup testimony was inadmissible and should have been excluded per se. The principal issue at the trial was identification. Under the circumstances, the jury's consideration of the lineup on a close question of identification was error which mandates a new trial. A further hearing is also required to determine the admissibility of the in-court identification wherein it must be established that the in-court identification was based upon observations of the defendant other than at the lineup. (*United States* v. *Wade*, 388 U. S. 218, 240 *supra*.) The trial court made no determination that an in-court identification would be the consequence of the witness' observation of the defendant at the scene of the crime. The trial court never reached this issue since it had overruled the defendant's objection as to the lineup itself. From the observations of the patrolmen, which is measured ·in seconds, on a dark night with the defendant in the back of a car, it does not seem possible that a determination can be summarily made on this record that the police officers had an "independent source" for the in-court identification.